```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                          AT DANVILLE, VA
                                                              FILED

                                                          AUG 14 2006
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN F. CORCORAN, CLERK
BY: /s/ _____
      DEPUTY CLERK

| | |
|---|---|
| **DERICK LAMONT BRANDON,** ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00473 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **SGT. B.L. BOOTH,** ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Derick Lamon Brandon, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Brandon alleges that the defendant was "negligent" as to his medical needs. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

Brandon complains that the defendant, Sgt. Booth, was "gross[ly] negligent" as to Brandon's health because late on the evening of March 1, 2006 he informed defendant that he was "sick and in pain," but the defendant did not take him to the medical unit. When he was finally taken to the medical unit approximately 28 hours later, by another correctional officer, he had a fever of 101 degrees. Still later, Brandon claims that he had two "surgeries" which were witnessed by yet another correctional officer.

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

1

## II.

Generally, an allegation of mere negligence as to an inmate's health and safety is not actionable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986); see also Davidson v. Cannon, 474 U.S. 344 (1986). Further, in order to state an Eighth Amendment claim of inadequate medical care, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Moreover, to bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctor's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Brandon has not alleged any facts which suggest that the defendant was aware that he was suffering from a severe medical condition. Further, Brandon concedes that the defendant did not interfere with or attempt to hinder his subsequent treatment. Accordingly, even assuming that Brandon had a serious medical need, at most the defendant was negligent as to Brandon's need for more immediate treatment which is not a cognizable constitutional claim.

## III.

Based on the foregoing, I find that Brandon has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 4th day of August, 2006.

Jackson L. Kiser
Senior United States District Judge